IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

6:11-CV-1735-ORL-22DAB

SHERRIE CALABRESE,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, SHERRIE CALABRESE ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Orange, and City of Orlando.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, HUNTER WARFIELD, INC. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on July 15, 2011, at 8:56 A.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

12.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

13.     Defendant called Plaintiff's cellular telephone on July 21, 2011, at 10:38 A.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

14.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

15.     Defendant called Plaintiff's cellular telephone on July 29, 2011, at 8:07 A.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

16.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

17.     Defendant called Plaintiff's cellular telephone on August 1, 2011, at 8:35 A.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

18.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

19.     Defendant called Plaintiff's cellular telephone on August 5, 2011, at 8:55 A.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

20.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

21.     Defendant called Plaintiff's cellular telephone on August 9, 2011, at 8:15 A.M., and at such time, Defendant left a three second silent voicemail message in which Defendant failed to disclose the caller's individual identity and further failed to disclose Defendant's true corporate and/or business name.

22.     In said message, Defendant further failed to notify Plaintiff that the communication was from a debt collector.

## COUNT I

23.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

24.     Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

26.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27.     Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 26th day of October, 2011.

Respectfully submitted,
**SHERRIE CALABRESE**

By: _____

ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com